# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS EDUARDO CARPIO-XOCHITLA,<br><br>　　　　　　　　　　　Defendant. | Case No. 19-mj-23092-BMK-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 8)** |

**I.    STATEMENT OF FACTS**

Defendant was charged in a Complaint that alleged he was "an alien [who] attempted to enter the United States at a time and place other than as designated by immigration officers" in violation of Title 8 U.S.C. § 1325(a), a misdemeanor. (ECF No. 1.) Attached to the Complaint was a probable cause statement that alleged that a Border Patrol Agent found Defendant at 9:40 pm in an area four miles north of the U.S.-Mexico border and 23 miles east of the Tecate Port of Entry, trying to hide under a large bush. (*Id.*) Defendant stated he was a citizen of Mexico without immigration documents. (*Id.*) Post arrest, and after waiving his *Miranda* rights, the Complaint alleges Defendant said he was a citizen of

Mexico illegally present in the United States and that he had illegally entered the United States two days earlier. (*Id.*)

Defendant pled guilty to the Complaint, without the benefit of a plea agreement, and was immediately sentenced to time served. (ECF Nos. 6, 11.) At the time he pled guilty, the Magistrate Judge informed Defendant that the elements of the offense to which he was pleading guilty included: (1) at the time of his attempted entry, Defendant was an alien "that is, a person who is not a natural born or naturalized citizen or national of the United States;" (2) that Defendant had "the specific intent to enter the United States at a time and place other than as designated by immigration officers;" (3) that Defendant "also had the specific intent to enter the United States free from official restraint, meaning that [he] intended to enter without being detected, apprehended, or taken into custody by Government authorities, so that he . . . could roam freely in the United States;" and (4) that Defendant "did something that was a substantial step toward committing the crime . . . that strongly corroborated [his] intent to commit the crime." (ECF No. 11, 9:1–15.)  No objection was made to these elements.

After assuring that Defendant understood the elements of the crime to which he was pleading guilty, the Magistrate Judge assessed whether there was a factual basis for Defendant's plea. (ECF No. 11, 10:9–24.) Defendant admitted that he crossed into the United States from Mexico at a place other than a designated Port of Entry. He stated that he was not a citizen or national of the United States at the time he entered the United States, and that he intended to enter at a place other than a designated Port of Entry. Finally, Defendant admitted that he intended to enter the United States without being detected, apprehended, or taken into custody by Government authorities so he could roam freely in the United States. (*Id.*) Defense counsel concurred that this was an adequate factual basis. (*Id.* 11:1–3.)

Defendant now appeals his conviction, arguing first that the Complaint was deficient because it failed to allege that Defendant had the specific intent to enter the country free from official restraint and failed to allege that Defendant knew he was an alien at the time

of entry.  (ECF No. 13 ("Opening Brief").)  Second, defense counsel argues that the guilty plea violated Rule 11 because the elements and factual basis given at the time Defendant pled guilty omitted that the Defendant knew, at the time he entered, that he was not a citizen of the United States.  (*Id.*)

## II. LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402.  "The defendant is not entitled to a trial de novo by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  *Id.*

## III. ANALYSIS

### A. Defendant's Guilty Plea Waived Any Defect in the Complaint

Defense counsel first argues that the Complaint is defective because it failed to allege that Defendant had the specific intent to enter the country free from official restraint.  As a preliminary matter, the word "enter" means to be "free from official restraint."  *See United States v. Lombera-Valdovinos*, 429 F.3d 927, 929 (9th Cir. 2005).  Therefore, to the extent the Complaint alleged the Defendant "attempted to enter the United States," it also alleged that the Defendant attempted to enter the country free from official restraint.

Furthermore, defense counsel did not object to the charging document at the time of the guilty plea.  "[D]efects in an indictment do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  Thus, any defects in the charging document cannot be raised after a guilty plea.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The one exception to this rule is a defect that cannot be cured through a new indictment.  *Class v. United States*, 138 S. Ct. 798, 801 (2018).

In this case, the alleged defects could easily have been cured by a new charging document.  Defense counsel did not raise an objection to the Complaint at the time of the guilty plea.  Therefore, Defendant's guilty plea waives any alleged defects in the Complaint, and Defendant's appeal on this ground is denied.

### B. Knowledge of Alienage Is Not an Element of Section 1325

Next, defense counsel argues that Rule 11 was violated because the Magistrate Judge failed to inform Defendant that an element of the offense included that he knew, at the time he entered, that he was not a citizen of the United States. (*See* Opening Brief (citing *United States v. Hernandez*, 504 F. App'x 647 (9th Cir. 2013) (unpublished); *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005)).) Both *Hernandez* and *Smith-Baltiher* concerned whether a defendant could present a good faith, if mistaken, belief that he was a citizen at the time of his illegal entry in a Section 1326 prosecution. In each case, the Ninth Circuit ruled the defendant could raise such a defense because in a Section 1326 prosecution, the Government is required to prove that the defendant has the specific intent to enter the United States without permission. The fact that a defendant may have thought he had a legal right to enter could negate this intent.

As a preliminary matter, the Defendant in this case never expressed any confusion or good faith belief that he was a citizen of the United States at the time of entering the United States. When the Magistrate Judge asked Defendant whether he was a citizen of the United States, he forthrightly answered that he was not. (ECF No. 11, 10:9–24.)

Second, the elements of Section 1325(a) are different than that of Section 1326(a). In a Section 1325(a) prosecution, the key is whether the defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers. In a Section 1326(a) prosecution, the key is whether the defendant had the specific intent to enter the United States without the consent of the U.S. Attorney General. Thus, a defendant can be prosecuted for an attempt to violate Section 1326 if he or she comes to a Port of Entry and falsely claims U.S. citizenship. Not so for a Section 1325 prosecution. A Section 1325 prosecution requires that a defendant not enter through a Port of Entry. Thus, in both *Hernandez* and *Smith-Baltiher*, the defendant, who came to the Port of Entry and claimed U.S. citizenship, should have been allowed to present evidence that he believed this was true. There is no such corresponding element in a Section 1325 prosecution.

Finally, there is no requirement that a judge, when taking a plea, outline all possible defenses to a defendant before the plea can be accepted. The judge is only required to lay out the elements of the offense, which in this case, was done.

Defense counsel also argues that the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), required the Magistrate Judge to add an element of knowledge of alienage to the Section 1325 elements. *Rehaif* concerned the scope of the word "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section 1325.

Furthermore, the Court in *Rehaif* was particularly concerned that failure to incorporate a scienter requirement would result in prosecution of innocent conduct. No such concern exists with Section 1325. Even those who are not aliens are not allowed to enter the United States at a time and place other than as designated by immigration officers. *See United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 844 (S.D. Cal. 2019) (citing 19 U.S.C. § 1459).

Therefore, *Rehaif* is distinguishable, and there is no requirement that the Government prove a defendant knew he was an alien at the time he attempted to enter the United States at a place not designated by immigration officers.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision (ECF No. 8) and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED.**

**DATED: October 20, 2020**

Hon. Cynthia Bashant
United States District Judge